# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

### COURT FILE NO.: _____

Sheila Williams,
        Plaintiff

v.

Silverman & Borenstein, PLLC and
Asset Acceptance, LLC,
        Defendants

_____

## COMPLAINT AND JURY DEMAND
_____

### NATURE OF ACTION

1.      This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.      Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendants transact business in this district.

## PARTIES

4.      Plaintiff, Sheila Williams ("Plaintiff"), is a natural person who at all relevant times resided in the State of Colorado, County of Denver, and City of Denver.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.      Defendant, Silverman & Borenstein, PLLC ("Silverman") is an entity which all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7.      Silverman is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8.      Defendant, Asset Acceptance, LLC , ("Asset") is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiff.

9.      Asset is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10.      Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Silverman.

11.      Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Silverman, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

12.      Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Silverman.

13.     Silverman uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

14.     Asset purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

15.     Asset acquired Plaintiff's debt once owed or once due, or asserted to be once owed or once due a creditor, when the debt was in default.

16.     Asset is thoroughly enmeshed in the debt collection business, and Asset is a significant participant in Silverman's debt collection process.

17.     In connection with collection of an alleged debt in default, Silverman, itself and on behalf of Asset, caused a judgment to be entered against Plaintiff on July 21, 2011 in the amount of $2,293.30.

18.     On November 29, 2011, Silverman, itself and on behalf of Asset, filed, or caused to be filed, a Writ of Garnishment with Notice of Exemption and Pending Levy ("Account Garnishment") in which Silverman stated the total amount due and owing with regard to the aforementioned garnishment was $2,267.01.

19.     On December 15, 2011, Silverman, itself and on behalf of Asset, served, or caused to be served, the November 29, 2011 Account Garnishment on Plaintiff's bank, to wit: Wells Fargo Bank.

20.     On or about December 17, 2011, Wells Fargo Bank debited $2,267.01 from Plaintiff's account as directed by the Account Garnishment.

21.     On January 18, 2012, Silverman, itself and on behalf of Asset, filed, or caused to be filed, a Motion to Pay Over Garnished Funds, in which Silverman requested that the funds garnished from Plaintiff's bank account pursuant to the Account Garnishment be disbursed to Defendants.

22.     Separate and apart from the Account Garnishment, on December 5, 2011, Silverman, itself and on behalf of Asset, filed or caused to be filed a Writ of Continuing Garnishment ("Wage Garnishment") in which Silverman stated the total amount due and owing was $2,269.82.

23.     Silverman, itself and on behalf of Asset, subsequently served, or caused to be served, the December 5, 2011 Wage Garnishment upon Plaintiff's employer, to wit: Walmart.

24.     As a result of receipt of the December 5, 2011 Wage Garnishment, Walmart garnished $184.66 from Plaintiff's paycheck on December 27, 2011.

25.     As a result of receipt of the December 5, 2011 Wage Garnishment, Walmart garnished $183.01 from Plaintiff's paycheck on January 10, 2012.

26.     As a result of receipt of the December 5, 2011 Wage Garnishment, Walmart garnished $167.24 from Plaintiff's paycheck on January 24, 2012.

27.     As a result of receipt of the December 5, 2011 Wage Garnishment, Walmart garnished $183.39 from Plaintiff's paycheck on February 7, 2012.

28.   As a result of receipt of the December 5, 2011 Wage Garnishment, Walmart garnished $185.47 from Plaintiff's paycheck on February 21, 2012.

29.   As a result of receipt of the December 5, 2011 Wage Garnishment, Walmart garnished $180.53 from Plaintiff's paycheck on March 6, 2012.

30.   Silverman, itself and on behalf of Asset, caused a total of $1,084.30 to be garnished from Plaintiff's wages as of March 6, 2012.

31.   As a direct and proximate result of the Account Garnishment and the Wage Garnishment, Silverman, itself and on behalf of Asset, caused a total of $3,351.31 to be garnished from Plaintiff.

32.   On March 2, 2012, Silverman, itself and on behalf of Asset, returned $563.65 to Plaintiff.

33.   On March 6, 2012, Walmart returned $180.53 to Plaintiff.

34.   Silverman, itself and on behalf of Asset, sent Plaintiff written correspondence dated March 8, 2012, in which Silverman confirmed that Plaintiff's debt had been paid in full.

35.   On or about March 13, 2012, Silverman, itself and on behalf of Asset, filed, or caused to be filed, a Satisfaction of Judgment with regard to the July 21, 2011 judgment entered against Plaintiff.

36.   Silverman, itself and on behalf of Asset, over-garnished Plaintiff and wrongly withheld approximately $1,081.49 more than the amount of the July 21, 2011 judgment, and as of the date of the filing of the instant complaint, continues wrongfully

possess approximately $337.31 of Plaintiff's funds in excess of the amount of the July 21, 2011 judgment.

37.    Defendants' actions constitute conduct highly offensive to a reasonable person, and as a result of Defendants' behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and/or emotional distress.

## COUNT I—VIOLATIONS OF 15 U.S.C. § 1692e(10)

38.    Plaintiff repeats and re-alleges each and every allegation above.

39.    Silverman violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff by over-garnishing Plaintiff's wages and bank account by approximately $1,081.49 and wrongfully withholding approximately $517.84.

40.    Asset, by virtue of its status as a "debt collector" under the FDCPA, is separately liable for actions of Silverman, the debt collector it hired to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Silverman and Asset violated 15 U.S.C. § 1692e(10);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00 per defendant;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT II—VIOLATIONS OF 15 U.S.C. § 1692f

41.     Plaintiff repeats and re-alleges each and every allegation above.

42.     Defendant Silverman violated 15 U.S.C. § 1692f by using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt by over-garnishing Plaintiff's wages and bank account by approximately $1,081.49 and wrongfully withholding approximately $517.84.

43.     Asset, by virtue of its status as a "debt collector" under the FDCPA, is separately liable for actions of Silverman, the debt collector it hired to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Silverman and Asset violated 15 U.S.C. § 1692f;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00 per defendant;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

### COUNT III—VIOLATIONS OF 15 U.S.C. § 1692e(2)(A)

44.  Plaintiff repeats and re-alleges each and every allegation above.

45.  Silverman violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's debt by representing that it is entitled to garnish and withhold approximately $517.84 more than it was legally entitled to.

46.  Asset, by virtue of its status as a "debt collector" under the FDCPA, is separately liable for actions of Silverman, the debt collector it hired to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Silverman and Asset violated 15 U.S.C. § 1692f;

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00 per defendant;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

46.     Plaintiff is entitled to and hereby demands a trial by jury.


**Respectfully submitted,**


**March 30, 2012**                    **/s/ Craig J. Ehrlich**
                                      **Craig J. Ehrlich**
                                      **Weisberg & Meyers LLC**
                                      **5025 N. Central Ave., #602**
                                      **Phoenix, AZ 85012**
                                      **Telephone: (602) 445 9819**
                                      **Facsimile: (866) 565 1327**
                                      **Email: CEhrlich@AttorneysForConsumers.com**